McMILLAN,
Presiding Judge, dissenting.
I respectfully dissent from the majority’s holding, in an unpublished memorandum, that the trial court’s statement on sentencing — that the appellant would be sentenced to life imprisonment without the possibility of parole and not death, should he be found guilty of capital murder — was not unduly prejudicial. The majority states that the appellant failed to show that he suffered prejudice by the comment because the trial court instructed the jury not to consider the sentence in its determination of guilt and the record did not suggest that the jury’s decision was based on anything other than the evidence and the trial court’s instruction. In Towner v. State, 595 So.2d 544 (Ala.Crim.App.1991), the trial court repeatedly instructed the jurors not to allow its remarks concerning sentencing or their knowledge of the possible sentence to affect their findings of fact. This court nevertheless held that the trial court had committed reversible error by charging the jury during the guilt phase of the trial as to the actual sentence the defendant would receive if he was found guilty of a capital offense. We noted that the rapidity of the jury’s verdict after it had been hopelessly deadlocked clearly indicated the “highly suggestive nature” of the court’s “highly improper comments” on sentencing.
An improper comment does not warrant a mistrial if the trial court sustains an objection to improper remarks and promptly and appropriately instructs the jury of the impropriety of those remarks. Ex parte Wilson, 571 So.2d 1251 (Ala.1990). Here, the trial court did not sustain the appellant’s objection[1] or instruct the jury as to the impropriety of its statement concerning the sentence. The trial court compounded the error by repeating the improper statement in its remarks to the panels during the voir dire examination and in its oral charge. Therefore, I do not believe that the error can be presumed to be harmless. Moreover, I do not agree that, unless there is evidence that the jury in the present case actually used the improper sentencing information as a catalyst for its verdict, the statement was harmless. Here, the jury was repeatedly told that the appellant would not be sentenced to death. By so doing, the trial court improperly injected the sentencing considerations implicit in a capital-murder case into the guilt phase, in a manner that would seemingly reheve the jury of the ominous consideration of the death sentence and make a verdict of guilt less burdensome and more contrived. The State’s decision to refrain from seeking the death penalty was a matter to be considered by the trial court in administrating the proceedings, as well as a matter to be considered by the appellant in formulating his defense. However, the State’s decision was not a question of fact or a proper matter for consideration by the jury. Therefore, I must respectfully dissent.

. “A litigant who requests such drastic relief [a motion for mistrial] implicitly requests lesser relief that is proper, in case the greater relief is denied or is found to be improper.” Ex parte Marek, 556 So.2d 375, 379 (Ala.1989).